IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| IRENE E. SUA, | : | BANKRUPTCY NO.: 5-05-bk-57230 |
| DEBTOR | : | |
| IRENE E. SUA, | : | {**Nature of Proceeding**: Objections to Proofs of Claim} |
| MOVANT | : | |
| vs. | : | |
| LVNV FUNDING LLC, | : | |
| RESPONDENT | : | |

# OPINION[1]

Before the Court are Objections to claims numbers 5 (Doc. #13) and 6 (Doc. #14), filed by the Debtor against LVNV Funding LLC. In both instances, the name of the creditor is LVNV Funding LLC, its successors and assigns, as assignee of Citibank N.A. Nevertheless, the Proofs of Claim were filed by an entity known as Resurgent Capital Services. Attached to Proof of Claim number 5 was a document entitled "Unsecured Proof of Claim Account Detail" referencing the borrowers name and address, a four-digit account number, the creditor name, and the total amount due. Additionally attached is a document entitled "Bill of Sale, Assignment and Assumption Agreement," dated November 16, 2005 between Citibank USA, National Association, and Sherman

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\opinions\5-05-bk-57230_Sua.wpd]

Originator LLC. Claim number 6 has attached the same document entitled "Unsecured Proof of Claim Account Detail" showing the same type of information attached to the account detail as Claim number 5, but does not have attached the "Bill of Sale, Assignment and Assumption Agreement".

The objections filed to Claim numbers 5 and 6 reflect generic identical objections.[2] Paragraph five avers that LVNV Funding LLC may not be the true owner of the debt and strict proof of the assignment to LVNV was requested. The objections were set for hearing on June 16, 2006 at which time counsel for the claimant represented that all supporting documentation supporting the claims would be forwarded to the attention of Debtor's counsel. The Court set an additional hearing on the objections for July 21, 2006. Prior to the second hearing on this matter, the claimant filed a Supplemental Response to Amended Objection to Proof of Claim number 5 and attached thereto a Declaration of

---

[2] The objections to both claims 5 and 6 read verbatim as follows:
1. Debtor believes and avers that the claim of LVNV Funding LLC may be barred by the applicable statute of limitations.
2. Debtor believes and avers that the claim of LVNV Funding LLC may be barred by the doctrine of waiver.
3. Debtor believes and avers that the claim may be barred by the doctrine of accord and satisfaction.
4. Debtor believes and avers that the alleged debt in the claim may be barred by Pennsylvania Unfair Trade and Consumer Protection Law.
5. Debtor believes and avers that LVNV Funding LLC may not be the true and lawful owner of the Debt.
6. Debtor demands strict proof that LVNV Funding LLC is the true assignee of the debt, and is legally entitled to step into the shoe of the original creditor.
7. Debtor demands strict proof that the debt is valid, and demands all due process as if the claim were litigated in state court.

Michael A. Keaton[3] together with a Bill of Sale, Assignment and Assumption Agreement, and Citi Card statements for account number ending in 1051 for the period June of 2003 through December 2004 showing a total balance of $6,864.02. (See Supplemental Response to Amended Objection to Proof of Claim at Doc. #55.) LVNV also filed a Supplemental Response to Amended Objection to Proof of Claim on claim number 6. (See Doc. #56) Attached to that Supplemental Response was a Declaration of Michael A. Keaton concerning the assigned account with an account number ending in 7016. No statements were attached to that Supplemental Response. Proof of Claim number 6 also filed on January 10, 2006 reflects a total due on account number ending in 7016 at $11,633.68.

At the second hearing, counsel for the Debtor questioned only the tracing of the several assignments of the underlying debt from Citibank USA, National Association, through the current owner LVNV Funding, LLC. A legal issue discussed at this hearing was whether this objection, with no evidentiary support, was enough to overcome the prima facie validity of the proof of claim. In other words, was the challenge to the chain of assignments, without more, sufficient to shift the burden of proof to the claimant. The Court gave the parties thirty days to address this issue. The Court notes that the claimant filed a timely brief but the Debtor did not file a brief to support its position.

I can agree with one observation made by the Debtor during oral argument; that

---

[3] Senior Vice President of Resurgent Capital Services, Sherman Originator, LLC and Sherman Acquisition, LP and authorized representative of LVNV Funding, LLC.

only a properly filed proof of claim shall constitute prima facie evidence of the validity and amount of the claim. See Federal Rule of Bankruptcy Procedure 3001(f). What constitutes a properly filed proof of claim will not be resolved in this Opinion. Federal Rule of Bankruptcy Procedure 3001(c) indicates that when a claim, or an interest in property of the Debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. I have questioned, in this and several other cases, what constitutes appropriate writings that should be attached to a proof of claim that are essentially based upon credit card debt. I query whether the original contract signed between the Debtor/consumer and the creditor/credit card company should be attached to a proof of claim as well as, at least minimally, the last statement reflecting the total outstanding balance due at the time of the filing of the bankruptcy. Regardless of these questions, the only articulated attack on the proof of claim by the Debtor questioned, what she termed, the "chain of custody" of the assignment from the original creditor, Citi Bank, through the current creditor, LVNV Funding. Both parties agreed at the end of the second hearing that the record of the two hearings together with the documents supplied by the claimant as supplements to the proof of claim would constitute the entire record of this matter. I note that absolutely no evidence, written or otherwise, was proffered by the Debtor. Additionally, as referenced above, the Debtor further chose not to submit a brief in support of her position. On the other hand, the claimant has presented account summaries on two separate accounts indicating the total amounts due under both accounts and provided that aforesaid declaration of Mr. Keaton which succinctly outlined the

[m:\users\cathy\opinions\5-05-bk-57230_Sua.wpd]     4

Case 5:05-bk-57230-JJT    Doc 91    Filed 03/28/07    Entered 03/28/07 11:02:19    Desc
Main Document    Page 4 of 5

several assignments of the underlying debts from Citi Card Bank through the present holder of the debt, LVNV Funding LLC. While the state of this record is less than desirable, it, nonetheless, was stipulated between the parties to be the record upon which this Court would base its decision.

Based upon this record, the Court will overrule the objections to both claims numbers 5 and 6 made by the Debtor and will recognize the total amount of claim number 5 to be $6,864.02 as indicated on the final statement provided in the Supplemental Response to Amended Objection to Proof of Claim. The Court will recognize the entire amount of claim number 6. The Court makes these findings with no regard as to whether the unsupported objections filed by the Debtor were enough to take away the prima facie validity of the amount of the claims as provided in the Bankruptcy Rules. In other words, the claimant came forth with enough proof, by a preponderance of the evidence, to establish the validity and amount of the claim.

An Order will follow.

Date: March 28, 2007　　　　　　　　　　　　　　　BY THE COURT,

_John J. Thomas, Bankruptcy Judge_
(CMS)

*This opinion is electronically signed and filed on the same date.*